ORIGINAL

LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GERARDO ELOY GONZALEZ, JR.,<br>JOHN TIMOTHY PERALTA,<br>DEANNA INGRID MORALES,<br>a/k/a DEANNA MORALES GUERRERO,<br>SEAN MICHAEL COLE,<br>a/k/a SHAWN COLE,<br>GILBERT JOSE MATTA,<br>JESSICA ROSE MESA,<br>**LISA MARIE RODRIGUEZ,**<br>**a/k/a LISA RODRIGUEZ-COLE**, and<br>ANNETTE JOYCE GONZALEZ,<br>a/k/a ANNETTE ROMERO,<br><br>    Defendants. | CRIMINAL CASE NO. 05-00039<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT LISA COLE'S MOTION TO CONTINUE TRIAL DATE AND MOTION TO SEVER |

A. <u>Joint Trial</u>

The government opposes severance. Whether in fact co-defendant Lisa Marie Rodriguez a/k/a Lisa Rodriguez-Cole will accept a plea offer at a later date remains to be seen. The general rule, especially in conspiracy cases, is that persons jointly indicted should be tried together. Zafiro v. United States, 506 U.S. 534 (1993). "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal

justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Id. at 537. (quoting Richardson v. Marsh, 481 U.S. 200, 209-210 (1987)). As well counts that are properly joined will only be severed if the "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." United States v. Whitworth, 856 F.2d 1268, 1277 (9th Cir. 1988)(quoting United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980)).

The defendants have not shown any manifest prejudice.

B. Speedy Trial Act

The speedy trial clock starts running after the arraignment of the last defendant. United States v. Daychild, 357 F.3d 1082, 1090 (9th Cir. 2004); 18 U.S.C. § 3161(h)(7). Co-defendant Annette Joyce Gonzalez was the last defendant arraigned on June 20, 2005, in Oakland, the Northern District of California. Day 1 of the STA clock began to run on June 21, 2005 and remains tolled.

Co-defendant Lisa Marie Rodriguez a/k/a Rodriguez-Cole's motion which raised the issue of her competency was filed on June 24, 2005. Such competency motion is pending which stopped the clock against all co-defendants. United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993); 18 U.S.C. § 3161(h)(1)(F). Other co-defendants have also filed pre-trial motions which are excludable periods of delay as well:

A. Sean Michael Cole's motion to continue trial: June 28, 2005 to August 30, 2005;

B. Sean Michael Cole's motion to dismiss which was withdrawn: July 28, 2005 to August 11, 2005;

C. Gilbert Jose Matta's motion to reconsider bail which was denied: June 6, 2005 to August 2, 2005;

D. Gilbert Jose Matta's motion to sever which was denied: August 10, 2005 to August 17, 2005; and

2

E. Jessica Mesa's motion to sever which was denied: August 4, 2005 to August 17, 2005.

Based on the foregoing, the government requests that all remaining defendants who have been charged with conspiracy be tried together.  No speedy trial violation will occur even if a joint trial of all defendants is scheduled during the time period requested by co-defendant Lisa Marie Rodriguez-Cole.

RESPECTFULLY submitted this 23rd day of August 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: _____
MARIVIC P. DAVID
Assistant U.S. Attorney

3