```
                                                    FILED
                                           DISTRICT COURT OF GUAM
                                                AUG 24 2005 ⁿᵖ
                                               MARY L.M. MORAN
                                               CLERK OF COURT
```

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LISA MARIE RODRIGUEZ,<br>a.k.a. LISA RODRIGUEZ-COLE, *et al.*,<br><br>Defendants. | CRIMINAL CASE NO. 05-00039<br><br>**ORDER**<br>**Granting Motion to Continue Trial and**<br>**Denying Motion to Sever** |

On August 22, 2005, defendant Lisa Marie Rodriguez a.k.a. Lisa Rodriguez-Cole (the "Defendant") filed a Motion to Continue Trial Date and Motion to Sever. See Docket No. 99. Therein, the Defendant noted that the Court had previously appointed a psychiatrist to assist in her defense and stayed all proceedings against her pending the receipt of a competency report from Dr. Stewart. See Order, Docket No. 57. The Defendant stated that she was awaiting Dr. Stewart's final report, and thus requested that her trial date be vacated pending receipt of said report. The Defendant also requested that the proceedings against her be severed from the proceedings against the other codefendants.

On August 23, 2005, the Government filed a Response to the Defendant's motion. See Docket No. 110. While the Government opposed the request to sever the proceedings, it had no objection to a continuance of the joint trial of all the defendants.

///

## ANALYSIS

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of defendants in the same indictment to promote judicial economy.

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Zafiro v. United States, 506 U.S. 534, 537 (1993) (*quoting* Richardson v. Marsh, 481 U.S. 200, 209-210 (1987)).

Nevertheless, a trial judge has broad discretion to grant or deny severance of joined counts or defendants after balancing the interest in judicial economy against the risk of prejudice to the defendant or the Government. Rule 14 of the Federal Rules of Criminal Procedure provides for relief from prejudicial joinder and states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

In this case, the Defendant does not assert that she will somehow be prejudiced by continued joinder of her trial with the remaining two codefendants. Rather, it appears that defense counsel seeks a severance because he anticipates that charges against the Defendant will be resolved by way of plea agreement without the necessity for a trial. The Government, however, opposes severance on the basis of judicial economy. The Government notes that whether in fact the Defendant will accept a plea offer at a later date remains to be seen. Because the Defendant has failed to demonstrate any prejudice, or "a serious risk that a joint trial would compromise a specific trial right of [hers]," Zafiro, 506 U.S. at 539, the Court must deny the motion to sever in the interest of judicial economy.

However, because there are still unresolved issues about the Defendant's mental status

and the report of Dr. Stewart has not been finalized, the Court orders that a status/competency hearing be held on Tuesday, September 13, 2005 at 10:30 a.m. A copy of the psychiatric report shall be filed under seal with the Court at least one week prior to the status/competency hearing. Furthermore, the Court hereby vacates the August 30, 2005 trial date. The trial will be re-set by the Court following the conclusion of the September 13, 2005 status/competency hearing. The Court finds that the ends of justice are best served by continuing the case as requested, and said continuance outweighs the interests of the public and the defendants in a trial within the time frame prescribed by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* Furthermore, the period of delay between June 24, 2005 (the date the Defendant filed the motion for appointment of expert) to September 13, 2005, inclusive, is deemed excludable from calculations under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1) (A) and (8)(A).

## CONCLUSION

For the reasons set forth above, the Defendant's request to continue the trial date is hereby granted, but the Defendant's request to sever is hereby denied.

SO ORDERED this 24th day of August 2005.

JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge